UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BELL INDEPENDENT POWER CORP.,

          Plaintiff,          DECISION & ORDER

     -vs-                    13-CV-6007-CJS

OWENS-ILLINOIS, INC.,
OWENS-BROCKWAY GLASS
CONTAINER, INC.,

          Defendants.
_____

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | James A. Hobbs, Esq.<br>James Scott Wolford, Esq.<br>The Wolford Law Firm, LLP<br>600 Reynolds Arcade Building<br>16 East Main Street<br>Rochester, NY 14614<br>(585) 325-8000 |
| For Defendants: | Michael A. Oropallo, Esq.<br>Hiscock & Barclay, LLP<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13221<br>(315) 425-2831 |

**Siragusa, J.** Bell Independent Power Corp. ("Plaintiff" or "Bell Independent") brought this action against Defendants Owens-Illinois ("Owens-Illinois") and Owens Brockway Glass Container Inc. (collectively, "Defendants") alleging breach of contract. The case is before the Court on Defendants' motion to dismiss, Feb. 26, 2013, ECF No. 8. Defendants, in an earlier case between them and Bell Independent, filed a counter-claim for breach of contract. *See*, *Bell Independent Power Corp. v. Owens-Illinois, Inc.*, No. 10-

CV-6057-CJS-JWF (W.D.N.Y. Feb. 1, 2010). Defendants maintain in their motion in this case that Bell Independent's breach of contract claim should have been brought as a compulsory counterclaim in the earlier lawsuit, and consequently, that the subject action should be dismissed. Fed. R. Civ. P. 13(a). The Court heard oral argument on May 17, 2013.

Putting aside the issue of whether this motion is properly brought under Rule 12(c), the Court explained at oral argument that this matter is controlled by the Second Circuit's ruling in *Lucente v. International Business Machines Corp.*, 310 F.3d 243 (2d Cir. 2002).[1] Defendants's counter-claim in the prior lawsuit was either a breach of its contract with Bell Independent, or an anticipatory repudiation of the same, and the choice of how to treat it was Bell Independent's. *Lucente,* 310 F.3d at 258–59 ("When confronted with an anticipatory repudiation, the non-repudiating party has two mutually exclusive options. He may (a) elect to treat the repudiation as an anticipatory breach and seek damages for breach of contract, thereby terminating the contractual relation between the parties, or (b) he may continue to treat the contract as valid and await the designated time for performance before bringing suit."). Bell Independent chose to continue operating under the contract until it could no longer do so. That, according to Bell Independent, occurred on December 6, 2010, when Defendants' agent refused to provide information to Bell Independent. As of December 6, 2010, the deadline to amend pleadings in the earlier action, April 30, 2010, had passed. Therefore, Bell Independent was not required to bring its breach of contract claim by way of a compulsory counterclaim in the earlier case.

---

[1] As the Court explained at oral argument, it rejects Defendants' argument that the contract was illusory. Defendants' argument is not consistent with New York law.

Accordingly, the Court denies Defendants' motion to dismiss, and orders this case consolidated with the earlier case, *Bell Independent Power Corp. v. Owens-Illinois, Inc.*, No. 10-CV-6057.

SO ORDERED.

Dated:  May 22, 2013
        Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge